GEORGE F. KLIMOWICZ, Appellant, *vs.* PHILIP COLNON
*et al.* Appellees.

*Opinion filed June 23, 1928.*

JOHN F. TYRRELL, JOHN F. HIGGINS, and MYER H.
GLADSTONE, (LOUIS GREENBERG, of counsel,) for appellant.

ROSENTHAL, HAMILL & WORMSER, and TOLMAN, SEX-
TON & CHANDLER, (LESSING ROSENTHAL, F. HOWARD ELD-
RIDGE, and HENRY P. CHANDLER, of counsel,) for appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

The circuit court of Cook county sustained a demurrer
to a third amended bill of complaint filed in that court by
George F. Klimowicz, appellant,' against appellees, for the
specific performance of a real estate contract. Appellant
elected to stand by his amended bill and a decree was en-
tered dismissing it for want of equity, from which decree
he has appealed to this court.

Appellant's third amended bill is based upon a written
agreement dated July 5, 1923, made between Philip Colnon,

party of the first part, as vendor, and George F. Klimowicz and Sylvia Klimowicz, his wife, parties of the second part, as purchasers, not in tenancy in common but in joint tenancy, of an undivided one-fourth of the premises described therein, a copy of which agreement is attached to the amended bill and made a part thereof as "Exhibit B." In his amended bill appellant states that the written agreement entered into between the complainant and the "defendant" is divisible in law, and the portion of the agreement referring to specific performance of the sale of the real estate in question is attached to the amended bill and made a part thereof as "Exhibit A." The latter exhibit consists merely of excerpts from "Exhibit B" and does not contain all the provisions of that exhibit with reference to the sale of the real estate in question. From an examination of both exhibits it is manifest that the written agreement is not divisible in law, as stated by appellant in the amended bill. The contract provides that the purchasers will not assign the agreement, or any interest therein, to any person other than the vendor or Milton T. Vanderbilt, and that no transfer or assignment shall be made by the purchasers without the previous written consent of the vendor, and that any such assignment or transfer without such previous written consent shall not vest in the assignee any interest therein. The amended bill was filed by appellant alone, Sylvia Klimowicz not joining with him therein, and no reason is assigned in the bill for her non-joinder. The amended bill alleges that Colnon entered into a written agreement on the 5th of July, 1923, with appellant, under the terms of which he agreed to convey to appellant the property described therein, and refers to "Exhibit B" as a copy of such agreement. This statement of the bill is at variance with said exhibit, which is an agreement between Colnon and appellant and Sylvia Klimowicz, under the terms of which Colnon agreed to convey the property, not to appellant but to appellant and Sylvia Klimowicz, not in tenancy in common but in joint tenancy.

The amended bill alleges that in the written agreement Colnon agreed to sell, and appellant to purchase, the premises for the sum of $30,479.17, which amount was to be paid, $7500 at the time of the signing of the contract and the further sum of $4479 on or before July 1, 1926, with interest from date at the rate of six per cent per annum, payable semi-annually; that he had paid the six per cent interest semi-annually as called for in the agreement, and that "shortly before and at the time of maturity" the complainant tendered in cash the sum of $4479 to Colnon, but that he refused to accept the same, plus interest; that the balance of the money was to be paid at any time after July 1, 1926, with interest; that appellant is now ready and brings into court the sum of $4479 in cash, and the balance of $17,000.17 in cash plus interest. By the terms of the contract the sale was to be made subject, among other things, to all general taxes, special taxes and special assessments levied after the year 1922, including a special assessment for a sewer in various streets confirmed for $20,003, and to a first mortgage of $74,000 to the State Bank of Chicago, trustee, $5000 payable on or before July 5, 1925. The contract contained the following provisions:

"Any money disbursed by the vendor for any of the following reasons shall be an additional charge upon the property, and one-quarter (¼) thereof shall be assumed by the purchasers as additional money due the vendor over and above the amount already stipulated as payable by them on or before July 1, 1926, and shall bear interest at the rate of six (6%) per cent per annum, payable semi-annually, from the date of said disbursements. (1) The vendor is hereby authorized by the purchasers to pay any amounts on account of the principal of the first mortgage hereinbefore mentioned, either as installments thereof become due or to procure releases of parts or parcels of the premises herein described, and also to pay all interest due thereon whenever the same becomes due and payable; (2) to pay all general

taxes, special taxes and special assessments which become due on any date hereafter; (3) to install and pay for, whenever it may be necessary or advisable, any improvements such as sidewalk, sewer, water mains, gas mains and electric light service. The vendor is also expressly authorized by the purchasers to at any time make any plat or plats of subdivision of any part or all of the above described premises; to sell by deed or contract, at any price that he may see fit, any part or parcel of said premises, provided, however, that the purchasers are credited with one-quarter ($\frac{1}{4}$) of the proceeds of any such sale, and to lease any part or parts of the above described premises at any rental that in his judgment he may deem sufficient, provided the purchasers are credited with one-quarter part thereof."

It does not appear from appellant's bill what sum of money was due Colnon under this contract on July 1, 1926, or that the tender alleged to have been made "at the time of maturity" was for the full amount then due Colnon under the contract. There is no allegation in the amended bill that Colnon had not, prior to the time of bringing the suit, disposed of the property in question and accounted to appellant for the proceeds thereof. There is no allegation in the amended bill that appellant has complied with all the requirements of the contract on his part to be performed, or that he has been at all times ready, able and willing to perform all the terms of the contract on his part to be performed. The amended bill prays that Colnon may be decreed to make a good and sufficient deed of conveyance to complainant of the premises described in the amended bill. The amended bill does not, upon its face, show that appellant is entitled to relief thereunder, and appellant having elected to stand by it, the circuit court did not err in dismissing it for want of equity.

The decree of the circuit court is affirmed.

*Decree affirmed.*